Gary L. Lassen ( # 5259)
The Law Office of Gary Lassen, PLC
2020 North Central Avenue
Central Park Square, Suite 1100
Phoenix, AZ 85004
Telephone: (602) 252-1205
Facsimile: (602) 254-6982

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RAYMOND PARENTEAU AND JOLENE PARENTEAU, husband and wife, and RAYMOND AND JOLENE PARENTEAU ON BEHALF OF THEIR MINOR SON, CP, <br><br>Plaintiffs, <br><br>vs. <br><br>PRESCOTT UNIFIED SCHOOL DISTRICT, AN ARIZONA SCHOOL DISTRICT, AND KEVIN J. KAPP, SUPERINTENDENT, OF PRESCOTT UNIFIED SCHOOL DISTRICT, JOHN DOES I-V, JANE DOES I-V, BLACK AND WHITE CORPORATIONS I-V, <br><br>Defendants. | Case No.: <br><br>**COMPLAINT; APPEAL FROM ADMINISTRATIVE DECISION UNDER 42 U.S.C. 1400, ET SEQ., 42 U.S.C. §1983** |

## NATURE OF THE ACTION

Plaintiffs, by and through counsel, allege as follows:

## JURISDICTION AND PARTIES

1.   Plaintiffs are residents of and have their permanent domicile in Prescott, Arizona and bring this federal action based upon federal court jurisdiction of federal questions presented under the Individuals with Disabilities Education Act, 42 U.S.C. 1400 *et seq.*, 42 U.S.C. §1983, 42 U.S.C. §1988, violation of rights and liberties under the due process clause of the United States Constitution, and violation of IDEA and pursuant to 42 U.S.C. §1983 violations of the Rehabilitation Act of 1973 §504 and the Americans With Disabilities Act.

2. Plaintiff Cody Parenteau P ("CP") is the minor son of Raymond Parenteau and Jolene Parenteau, who was enrolled in the Prescott Unified School District at Taylor Hicks Elementary School in the "BEST" program at the beginning of the 2003-04 school year. There was no autism program or qualified teachers who knew anything about the teaching of autistic students in the Prescott Unified School District, but the district provided extra compensatory education services to CP as a result of settlement of due process claims filed against the District.

3. CP first attended the Prescott Unified School District Prelude Preschool for Children Age 3-5. It was the opinion of Prescott officials that CJP was autistic. Prescott Unified School District recommended that he be placed in the "BEST" cross-categorical program at Taylor Hicks where he has made no gains or received any meaningful educational progress.

4. Plaintiffs have filed 5 separate due process hearing requests as a result of Defendants' continued failure to provide CP a free appropriate public education, particularly an education where CP was to be educated by highly qualified teachers and other professionals instructing CP using scientifically based methodologies resulting in meaningful educational gains.

5. The Prescott School District did not have an acceptable program for 2005 or 2006. Prescott just started an autism program in 2006 with a supposedly highly qualified autism teacher. However, it is now learned that the autism teacher only recently graduated from a correspondence school from Connecticut and is only just now a certified teacher, and submitted false information on her application for employment in the Prescott Unified School District and this is where the Parenteaus were supposed to have their children educated.

6. Plaintiffs participated in the administrative processes, including due process hearings; Plaintiffs proceeded to a due process hearing on March 21, 2007. An adverse decision was rendered on May 14, 2007. Plaintiffs herein appeal from that decision and ask for de novo consideration of factual and legal issues.

7. The decision of the Administrative Law Judge was based on clearly erroneous findings, was based on prejudicial evidence presented by Prescott's current and first autism instructor who presented false credentials to the district, and the decision failed to correctly apply current law applicable to the case. It further focused on whether the IEP was designed and/or created to allow CP to achieve educationally and not whether CP actually received a meaningful education consistent with current requirements of IDEA.

8. As a result of all of the above, the Parenteaus have suffered great financial, emotional, and other distress and as a result thereof, have asked this Court to seek relief. There is no administrative remedy available as such would be futile under the facts and circumstances as the Parenteaus are seeking compensation for past failures to educate and admitted violations of IDEA and other obligations under State and Federal law.

9. The above facts and circumstances require a de novo consideration of the facts and legal issues present and to be considered under 20 U.S.C. 1400, *et seq.*

## COUNT ONE
### (Violation of IDEA)

10. Plaintiffs incorporate and allege the allegations in Paragraphs 1 through 9 as if fully set forth herein.

11. The actions of the Prescott Unified School District constitute violations of IDEA, 20 U.S.C. §1400 *et seq.*

12. The decision of the State Administrative Law Judge is contrary to law, and based on the prejudicial testimony of district witnesses unknown to be unqualified at the time of the hearing and an overly narrow technical consideration of the issues at the hearing which was based upon Plaintiffs' due process hearing request filed on a pro per basis.

13. Other violations are such that the administrative remedies available to the Parenteaus are either inappropriate, unavailable, or would be futile to pursue and thus this matter is an exception to the requirement for exhaustion of administrative remedies, as to other failures to provide a free appropriate education.

14. The Parenteaus are entitled to compensation for all reasonable and necessary expenses including educational, medical and all other damages associated with the gross failures to comply with the above-referenced statute. And for such other and further and relief as the Court deems just.

## COUNT TWO
### (42 U.S.C. §1983 – Violation of IDEA and Section 504 of the Rehabilitation Act of 1973, as amended)

15. Plaintiffs incorporate and reallege the allegations in Paragraphs 1 through 14 as if fully set forth herein.

16. The above-referenced violations of 20 U.S.C. 1400 *et seq.* constitute violations of §1983 in that they involve the Constitution or Statute of the United States, whose violation has caused damage and harm to Plaintiffs.

## COUNT THREE
### (Violation of Due Process and Denial of Property and Liberty Interests in a Free Public Education)

17. Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. The acts above constitute violations of the Due Process clause of the United States and State Constitutions and denial of the provision of a public education to CP.

## COUNT SEVEN
### (42 U.S.C. §1983, Americans With Disabilities Act (ADA))

19. Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Defendants have violated Plaintiff's rights under 42 U.S.C. §1983 including the ADA.

WHEREFORE, Plaintiffs demands judgment in their favor against Defendants as follows:

A. Awarding Plaintiffs compensatory damages in an amount to be proven at trial;

B. Awarding Plaintiff punitive and exemplary damages;

C. Awarding Plaintiff all costs incurred in this action;

D. Awarding Plaintiff such other and further relief as this Court deems just and proper; and

E. Award attorneys' fees under A.R.S. §12-341.01 and 42 U.S.C. §1988.

RESPECTFULLY submitted this 10th day of August 2007.

GARY L. LASSEN, PLC

By: s/Gary L. Lassen
Gary L. Lassen (5259)
2020 North Central Avenue, Suite 1100
Phoenix, AZ 85004

I hereby certify that on August 10, 2007 I electronically transmitted the attached ORIGINAL document to the United States District Court Clerk's Office using the CM/ECF System for filing

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
401 W. Washington
Phoenix, Arizona 85003

By: s/Debbie Mattatall