**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Parenteau and Jolene Parenteau, etc., et al,<br><br>Plaintiffs,<br><br>vs.<br><br>Prescott Unified School District, etc., et al,<br><br>Defendants. | No. CV-07-8072-PCT-NVW<br><br>**REPORT AND RECOMMENDATION** |

This case arises on the October 29, 2009 Motion for Protective Order by counsel for attorney Gary L. Lassen ("Lassen") and the Law Office of Gary Lassen, P.L.C. ("Law Office"), requesting a protective order "forbidding the Defendants from inquiry into matters respecting the separate property of Mr. Lassen's wife or the Lassen community property[]" and "prohibit[ing] discovery about assets against which the Defendants cannot attach or execute." (docket # 147 at 2, 8) Citing Rule 26(c),[1] Fed.R.Civ.P., Lassen and his Law Office argue "[t]here is 'good cause' for this court to [enter] such an order, since as a matter of Arizona law, the property about which Defendants seek discovery, is beyond its

---

[1] Federal Rule of Civil Procedure 26(c) provides that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, "the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c), Fed.R.Civ.P.

power to attach or execute." (*Id.* at 2) Defendants timely responded in opposition on November 9, 2009, docket # 147, to which Lassen and his Law Office timely replied. (docket # 159) After consideration of the parties' briefings, the undersigned Magistrate Judge recommends the Motion be granted in part and denied in part.

## BACKGROUND

**I. The Groundless Lawsuit**

On August 10, 2007, Plaintiffs, represented by Lassen through his professional legal corporation, brought this action against Defendants Prescott Unified School District and Superintendent Kevin J. Kapp (collectively "Defendants") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983. (docket # 1) Upon the parties' request, a two-day bench trial was held before the assigned District Judge, the Honorable Neil V. Wake, on the IDEA claim before proceeding on the other claims. (docket ## 75, 76) Judge Wake affirmed the administrative rulings that IDEA's two-year limitation period applied and found no IDEA violation for the 2003-04 school year. (docket # 80) On March 4, 2009, judgment was entered affirming the administrative decision on the IDEA claim and dismissing with prejudice Plaintiffs' remaining claims. (docket ## 88, 89)

On March 18, 2009, Defendants moved for attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) on the IDEA claim; 42 U.S.C. § 12205 on the ADA claim; 29 U.S.C. § 794a(b) on the Section 504 of the Rehabilitation Act claim; and 42 U.S.C. § 1988 on the § 1983 claim. On May 4, 2009, Defendants filed a memorandum supporting their fee motion and requested $129,951.50 in attorneys' fees and $11,260.21 in related non-taxable expenses. On May 19, 2009, Plaintiffs filed their response to Defendants' fees request and their own request for attorneys' fees against Defendants. Both sides briefed the attorneys' fees issues.

Ultimately, on July 17, 2009 in a detailed 20-page Order, Judge Wake found "Plaintiffs' IDEA claim was objectively without foundation from the onset of litigation," Plaintiffs' non-IDEA claims "were groundless," Plaintiffs filed their Complaint and continued to litigate this action "for an improper purpose," and granted Defendants' fees motion. (docket # 112 at 14, 17, 19) Judgment was entered in favor of Defendant Prescott Unified School District and against Plaintiffs Raymond Parenteau and Jolene Parenteau and their counsel, Gary L. Lassen and the Law Office of Gary L. Lassen, PLC, jointly and severally, for $129,951.50 in attorneys' fees and for $11,260.21 in non-taxable costs, plus interest at the federal rate from the date of judgment until paid. Fees were awarded under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), and 42 U.S.C. § 1988(b). (docket # 113)

**II. Judgment Debtor Examinations**

Upon Defendants' Motions for Order Requiring Judgment Debtors Gary L. Lassen, Esq. and the Law Office of Gary Lassen, P.L.C. to Appear for judgment/debtor examinations, the assigned District Judge referred these post-judgment matters to the undersigned Magistrate Judge on August 31, 2009. (docket ## 116-118) On October 16, 2009, judgment-debtors' examinations of Lassen and his Law Office were conducted pursuant to court order. (docket ## 120, 122) Lassen and his Law Office were ordered to produce at the judgment-debtors' examinations all items listed in Exhibit 1 attached to each Order. (*Id.*) After several hours of oral examination before a court reporter, the undersigned was informed that counsel were at an impasse and requested his assistance. In meeting with counsel and Lassen, the Court was informed that neither Lassen nor his Law Office brought the documents ordered to be produced. Counsel for Lassen and the Law Office argue that all requested documents ordered to be produced are privileged or otherwise protected from discovery under Arizona's community property laws. Counsel for the Defendants/judgment-creditors disagree. The Court ordered Lassen and his Law Office to file a motion for protective order pursuant to Rule 26(c), Fed.R.Civ.P. Resolution of the two disputed issues

raised in the Motion is the subject of this Report and Recommendation which is within the scope of the undersigned Magistrate Judge's referral by the assigned District Judge, docket # 118, and LRCiv 72.1(b).

**III. Motion for Protective Order**

The pending Motion for Protective Order contends that as a matter of Arizona law, Mrs. Lassen's separate property and the Lassen community property are not subject to discovery and are beyond Defendants' power to attach or execute because "Mrs. Lassen was not a party to this litigation." (docket # 147 at 2) Defendants agree that Mrs. Lassen's separate property "is not subject to attachment to pay a community debt[]" and "they [do not] intend to attach Mrs. Lassen's sole and separate property." (docket # 158 at 1) Because Lassen concedes his sole and separate property is subject to discovery and execution by Defendants,[2] docket # 147 at 2, the disputes between the parties are (1) whether Defendants may lawfully execute upon the Lassen's community property despite the absence of Mrs. Lassen as a formal party to the judgment awarding attorneys' fees and costs against Lassen and his Law Office, and (2) whether Defendants may discover the nature and extent of Mrs. Lassen's sole and separate property independent of Lassen's representations that such property is her sole and separate property. The undersigned answers both these questions in the affirmative.

## **COMMUNITY PROPERTY LAW**

Although not addressed by either party, the undersigned assumes Arizona law applies to the legal issues herein because "the property rights of a husband and wife are governed by the law of the couple's matrimonial domicile at the time of the acquisition of the property." *Best Western Intern., Inc. v. Doe*, 2007 WL 2410341, * 1 (D.Ariz. 2007) (citing, *inter alia*, *Lorenz-Auxier Fin. Group, Inc. v. Bidewell*, 772 P.2d 41, 43

---

[2] In a footnote, Lassen indicates he and his wife have been married 36 years and he essentially has no separate property of any value. (docket # 147 at 2, n. 1)

- 4 -

(Ariz.Ct.App.1989)). There is no indication in the briefs that Lassen and Mrs. Lassen are or were domiciled in any state other than Arizona.

The legal issue whether a defendant may lawfully execute a judgment for sanctions upon an adverse lawyer's community property despite the absence of the adverse lawyer's spouse as a formal party to the judgment awarding sanctions appears to be an issue of first impression in Arizona. Counsel have not provided, nor has the undersigned's independent research discovered, any Arizona decisions that specifically address this issue. As an issue of first impression, this Court must predict how the Arizona Supreme Court would answer this question. *Evans v. Singer*, 518 F.Supp.2d 1134, 1140 (D.Ariz. 2007) (citing *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir.2001); *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), *modified at* 810 F.2d 1517 (9th Cir. 1987) ("Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it.").

Under Arizona law, a debt or obligation incurred by one spouse while acting for the benefit of the marital community is a community debt or obligation whether or not the other spouse approved the debt or the conduct giving rise to the obligation, irrespective of any pecuniary benefit to the marital community. Arizona Revised Statutes ("A.R.S.") §§ 25-214(B) ("*The spouses* have equal management, control and disposition rights over their community property and *have equal power to bind the community*.") (emphasis added); 25-214(C) ("*Either spouse separately may* acquire, manage, control or dispose of community property or *bind the community* . . . ." with two exceptions, neither of which apply here.) (emphasis added); *Ellsworth v. Ellsworth*, 5 Ariz. App. 89, 423 P.2d 364, 367 (Ariz.Ct.App.1967) ("If the husband acts with the object of benefiting (sic) the community . . . the obligations so incurred by him are community in nature, whether or not the wife approved thereof.") (citation omitted). "A debt incurred during a marriage for the benefit of the marital community is presumed to be a community obligation unless clear and convincing evidence exists to the contrary." *Arab Monetary Fund v. Hashim*, 219 Ariz. 108,

111, 193 P.3d 802, 805 (Ariz.Ct.App. 2008) (community property not responsible for husband's premarital obligation) (citing *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 198, 805 P.2d 1012, 1019 (Ariz.Ct.App.1990)).

Usually, a creditor must join both spouses in a lawsuit as defendants before such creditor may obtain and execute a judgment against community property. A.R.S. § 25-215(D) ("Except as prohibited in § 25-214, either spouse may contract debts and otherwise act for the benefit of the community. *In an action on such a debt or obligation the spouses shall be sued jointly . . . .*") (emphasis added) ; *Flexmaster Aluminum Awning Co., Inc. v. Hirschberg,* 173 Ariz. 83, 88, 839 P.2d 1128, 1133 (Ariz.Ct.App. 1992). "A judgment against one spouse does not bind the community." *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36, 676 P.2d 669, 670 (Ariz.Ct.App. 1984) (where creditor made no attempt to serve wife and wife's liability was not adjudicated by trial court, neither wife nor the community property could be subjected to liability by adding her as a party-defendant after the case had been decided on appeal) (citing *Eng v. Stein*, 123 Ariz. 343, 599 P.2d 796 (Ariz. 1979)). In *Flexmaster*, the husband incurred the debt before he married his wife. *Id*. at 1131. The Arizona court held that "a nondebtor spouse is a necessary and proper party in a suit to establish the limited liability of the community under A.R.S. section 25-215(B) . . . because the wife's joint interest in the community necessarily includes the right to litigate both the premarital debt and the value of the husband's contribution to the community that may be subject to the premarital debt." *Id*. at 1132.

There are exceptions, however, to the joinder requirement of both spouses. For example, in a case concerning the execution in Arizona of a judgment obtained in a common law state, the Ninth Circuit held "that, consistent with Arizona law, a federal judgment . . . in which only one spouse was named in the underlying action, may nevertheless be executed on the community property of both spouses, in Arizona, if the judgment is for a community obligation, despite failure to name the other spouse in the action filed outside Arizona." *Gagan v. Sharar*, 376 F.3d 987, 992 (9th Cir. 2004). The judgment-debtor's (James Monroe)

wife (LaJunta Monroe), who was not sued in the District Court for the Northern District of Indiana, argued that the judgment-creditor (James Gagan) could not lawfully execute on the Monroes' community property in Arizona because A.R.S. § 25-215(D) requires that where a spouse has acted for the benefit of the community and thereby incurred a debt or obligation, "the spouses shall be sued jointly." In rejecting this argument, the Ninth Circuit stated:

> This argument, if successful, would create a "Catch-22" for Gagan. Without some basis for accusing LaJunta of the racketeering and other wrongs for which Gagan sued her husband, all Gagan could get from naming her in the Indiana case would be a Rule 11 sanction. But if he failed to join her, then, under her theory, when Gagan registered his judgment in federal court in Arizona, he would be barred from collecting on the wealth James had wrongfully appropriated and enriched the community with, because he had not named LaJunta in the Indiana suit.

*Id.* at 990. In this case, the wife, LaJunta Monroe, did not contend that her husband's actions giving rise to his liability were not committed for the benefit of the community and she offered no other reason why the debt was not a community obligation. Her challenge was based entirely on the argument, which the Ninth Circuit rejected, that the community property was not subject to an Indiana federal judgment to which the wife was not a party.[3]

## POST-JUDGMENT DISCOVERY

Federal Rule of Civil Procedure 69(a)(2) governs execution proceedings in the federal courts and provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person - including the judgment debtor - as provided in these rules or by the procedure of the state where the court is located. " Rule 69(a)(2), Fed.R.Civ.P. "[T]hese rules" mentioned in Rule 69(a)(2) are, of course, the Federal Rules of Civil Procedure which govern pre-trial discovery. *Rubin v. Islamic Republic of Iran*, 2008 WL 192321, at *4 (N.D.Ill. 2008) (citing, among others, *Natural Gas Pipeline Co. v. Energy*

---

[3] The Ninth Circuit indicated, however, that "as a matter of due process, the non-joined spouse must be given notice and an opportunity to be heard before she can be deprived of her interest in community property, and the time for that notice and hearing is during execution in Arizona." *Gagan*, 376 F.3d at 991 n. 16 (citing both federal and state constitutional provisions and cases regarding the right to due process).

*Gathering Inc.*, 2 F.3d 1397, 1405 (5th Cir.1993)). One of "the purpose[s] of post-judgment discovery under Rule 69(a) is to discover 'concealed or fraudulently transferred assets.' " *Fidelity Nat. Financial, Inc. v. Friedman*, 2007 WL 446134 (D.Ariz. 2007) (citing with approval *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977)).

In federal courts, pre-trial discovery is governed by Rule 26(b), Fed.R.Civ.P. Rule 26(b)(1) allows the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . ." Rule 26(b)(1), Fed.R.Civ.P. District courts enjoy broad discretion both to determine relevancy for discovery purposes, see *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery to prevent its abuse, see Rule 26(b)(2)(C) (instructing district courts to limit discovery if it determines it is "unreasonably cumulative or duplicative," "obtainable from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit[.]"). Rule 26(b)(2)(C), Fed.R.Civ.P.

## **DISCUSSION**

The undersigned concludes that Lassen's arguments that Defendants may not execute against the Lassen community property to collect on the attorneys' fees' and costs' sanction or that Defendants may not discover the nature and extent of Mrs. Lassen's community property because "Mrs. Lassen was not named in or sued by Defendants" lack merit. (docket # 147 at 5). Assuming, *arguendo,* that Lassen's lawsuit, through his Law Office, against Defendants was filed and prosecuted to its conclusion for the benefit of the Lassen marital community, and Lassen does not contend otherwise, his filing a groundless and frivolous action, and the resulting adverse monetary consequences, are binding on the Lassen marital community under Arizona law. See, e.g., A.R.S.§ 25-214(B) ("The spouses . . . have equal power to bind the community.); 25-214(C) ("Either spouse separately may . . . bind the community . . . ." with two exceptions, neither of which apply here.).

The judgment entered herein pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III); 42 U.S.C. § 12205; 29 U.S.C. § 794a(b); and 42 U.S.C. § 1988(b), docket # 113, was not the result of "a debt or obligation" of Lassen. Rather, it was entered as a sanction for improper lawyering by a lawyer engaged in his profession and motivated to benefit himself and his marital community. This unusual circumstance is another example of the exception expressly recognized in A.R.S. § 25-215(D) ("*Except as prohibited in § 25-214*, . . . [i]n an action on such a debt or obligation the spouses shall be sued jointly . . . .") (emphasis added) and by the Ninth Circuit in *Gagan*. As Defendants point out, "[l]awyers and their spouses are never parties to the litigation in which the lawyer is only representing a party." (docket # 158 at 3) Defense counsel here faced a similar "Catch-22" situation that the plaintiff faced in *Gagan*. Without some factual or legal basis for accusing Mrs. Lassen, likely a non-lawyer, of actively participating in, or aiding and abetting, the filing and continued prosecution of the groundless lawsuit against Defendants, all defense counsel could expect for naming Mrs. Lassen in a counterclaim, third-party complaint or separate lawsuit for abuse of process or other tort would be allegations of a Rule 11, FED.R.CIV.P., violation and request for sanctions. Moreover, Lassen's erroneous interpretation of Arizona's community property laws would result in unnecessary litigation and is inconsistent with Rule 1, FED.R.CIV.P. ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.")

If Lassen's argument that the Lassen community property is exempt from execution because Mrs. Lassen was not joined before Judgment was entered succeeded, every litigation-related monetary sanction imposed by a federal or state trial judge upon a married Arizona lawyer for frivolous or other wrongful litigation actions would be uncollectible against such lawyer's community property and would not deter lawyers from filing groundless or frivolous litigation. Lassen has failed to demonstrate by clear and convincing evidence that the Lassen community property is exempt from execution on the judgment for fees and costs entered in this case as a sanction.

On the issue of discovery of Mrs. Lassen's alleged separate property, Defendants are authorized by Rule 69(a)(2) to use all of the discovery tools provided by the federal procedural rules to seek information that meets Rule 26(b)'s relevancy standard. Discovery of this private information is authorized if it is "reasonably calculated" to lead to the discovery of admissible evidence regarding whether the property claimed to be Mrs. Lassen's separate property is not, in fact, community property. Defendants' Response offers various suggestions to keep the Lassen's private information confidential, e.g., "[t]he Lassens are protected by Rule 5.2, Fed.R.Civ.P. (preventing the publication of financial information in any pleadings filed with the Court) [and] Defendants are also willing to execute a confidentiality agreement." (docket # 158 at 5). Except for execution on Mrs. Lassen's sole and separate property, good cause does not exist to grant a protective order.

**IT IS RECOMMENDED** as follows:

1. Plaintiffs' Motion for Protective Order, docket # 147, be **GRANTED** in part and **DENIED** in part. Defendants having agreed in writing they do not intend to execute the judgment on Mrs. Lassen's sole and separate property, Defendants should be ordered to refrain from executing upon Mrs. Lassen's sole and separate property. All other requested relief by Lassen and his Law Office should be denied.

2. If Mrs. Lassen refuses to voluntarily join this litigation as a party, Defendants should, at a minimum, be ordered to provide her written notice and an opportunity to be heard before Mrs. Lassen is deprived of her interest in the Lassen community property, and the time for that notice and hearing should be before or during any execution on the Lassen community property. *Gagan*, 376 F.3d at 991 n. 16.

3. An order be entered that Lassen and his Law Office shall promptly provide to defense counsel all items listed in Exhibit 1 attached to each of Defendants' Motion for Order Requiring Judgment Debtors Gary L. Lassen, Esq. and the Law Office of Gary Lassen, P.L.C. to Appear, docket ## 116-118, which Lassen failed to produce at the October 16, 2009 judgment-debtors' examinations of Lassen and his Law Office.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have **14 days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1), as amended on December 1, 2009[4]; Rules 72(a) and 6, Federal Rules of Civil Procedure, as amended on December 1, 2009. Because this is not recommendation on a dispositive motion, no response to the objections are authorized except upon the express prior approval of the assigned District Judge. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the assigned District Judge without further review. See, *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of December, 2009.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[4] See, Statutory Time-Periods Technical Amendments Act of 2009. H.R. 1626.