**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Parenteau and Jolene Parenteau, etc., et al,<br><br>    Plaintiffs,<br><br>vs.<br><br>Prescott Unified School District, etc., et al,<br><br>    Defendants. | No. CV-07-8072-PCT-NVW<br><br>**ORDER TO SHOW CAUSE** |

       Pending is Defendants' February 16, 2010 Motion to Compel Compliance with Court's January 11, 2010 order. (docket # 178) The assigned District Judge, the Hon. Neil V. Wake, has referred the post-judgment debtor examinations, all garnishment and related motions to the undersigned pursuant to LRCiv 72.1(b) and 72.2(a)(8). (docket ## 118, 179)

       Defendants inform the undersigned Magistrate Judge that "[d]espite numerous communications with Mr. Lassen's attorney, over a month has passed since [Judge Wake] issued [his] Order to Mr. Lassen to **promptly** produce the records and no records have been forthcoming." (docket # 178 at 2) (emphasis in original). Neither Mr. Lassen nor his attorney have responded to Defendants' Motion. Judge Wake's January 12, 2010 order accepts this Magistrate Judge's Report and Recommendation and orders "Lassen and his Law Office . . . to promptly provide to defense counsel all items listed in Exhibit 1 attached to each of Defendants' Motion for Order Requiring Judgment Debtors Gary L. Lassen, Esq.

and the Law Office of Gary Lassen, P.L.C. to Appear (Doc. ## 116-118), which Lassen failed to produce at the October 16, 2009 judgment-debtors' examinations of Lassen and his Law Office." (docket # 172 at 3-4)

## BACKGROUND

Except as germane to Defendants' Motion, the Court will not repeat the history of this two-and-a-half-year litigation with which the parties are quite familiar.

After successfully defending Plaintiffs' lawsuit, Defendants moved on March 18, 2009 for an award of attorneys' fees on Plaintiffs' IDEA claim under Title 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III); on Plaintiffs' ADA claim per Title 42 U.S.C. § 12205; on the Section 504 of the Rehabilitation Act claim per 29 U.S.C. § 794a(b); and on the § 1983 claim per 42 U.S.C. § 1988. (docket # 93) On July 17, 2009, Judge Wake, found "Plaintiffs' IDEA claim was objectively without foundation from the onset of litigation," Plaintiffs' non-IDEA claims "were groundless," Plaintiffs filed their Complaint and continued to litigate this action "for an improper purpose," and granted Defendants' fees motion. (docket # 112 at 14, 17, 19) Judgment was entered in favor of Defendant Prescott Unified School District and against Plaintiffs Raymond Parenteau and Jolene Parenteau and their counsel, Gary L. Lassen and the Law Office of Gary L. Lassen, PLC, (collectively "Lassen"), jointly and severally, for $129,951.50 in attorneys' fees and for $11,260.21 in non-taxable costs, plus interest at the federal rate from the date of judgment until paid. Fees were awarded under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III), 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), and 42 U.S.C. § 1988(b). (docket # 113) Subsequently, Lassen's protective order motion was denied. Lassen has filed a Notice of Appeal without posting a supersedeas bond.

## JURISDICTION

**A. Notice of Appeal**

"Generally enforcement of a final judgment is not stayed during the pendency of an appeal." *FINOVA Capital Corp. v. Richard A. Arledge, Inc.*, 2008 WL 828504, * 3 (D.Ariz. 2008) (citing Fed.R.Civ.P. 62(a)). Pursuant to Fed.R.Civ.P. 62(d), however, "the

appellant may obtain a stay by supersedeas bond," with two exceptions not relevant in this case. Rule 62(d), FED.R.CIV.P. "'The posting of a bond protects the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.'" *FINOVA Capital*, 2008 WL 828504 at * 3 (quoting *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)). "'Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision [.]'" *Id.* (quoting *Vacation Village, Inc. v. Clark County, Nev*, 497 F.3d 902, 914 (9th Cir. 2007) (internal quotation marks and citation omitted).

Because Lassen has not posted a supersedeas bond to date, this District Court has jurisdiction to proceed with post-judgment proceedings to enforce its judgment despite the fact that a Notice of Appeal has been filed. *Ribbens Int'l, S.A. v. Transport Int'l Pool, Inc.*, 40 F.Supp.2d 1141, 1143 (C.D.Cal. 1999) (citing *United States v. York*, 909 F.Supp. 4, 9 (D.D.C. 1995) ("The Court has continuing jurisdiction to protect and enforce its judgments."); *Red Ball Interior Demolition Corp. v. Palmadessa*, 947 F.Supp. 116 (S.D.N.Y. 1996) (district court retains jurisdiction to hear contempt motion regarding order subject to appeal)).

**B. Post-judgment Discovery**

Rule 69 of the Federal Rules of Civil Procedure provides direction to a judgment-creditor seeking enforcement or collection of a judgment through supplemental proceedings. Rule 69(a) provides that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located . . . ." Rule 69(b)(2) authorizes discovery to aid in the execution of a judgment:

> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

This Magistrate Judge concludes that, as judgment-creditors, Defendants are authorized to

require Lassen to produce the documents they seek, conduct judgment-debtor examinations of Lassen and his wife, and question each of them under oath concerning those documents.

**C. Civil Contempt**

Generally, whether contempt is criminal or civil is determined by the purpose of the sanction. If the sanction is intended to punish past conduct, and is imposed for a definite amount or period without regard to the contemnor's future conduct, it is criminal. Conversely, if the sanction is intended to coerce the contemnor to comply with a court's order in the future, and the sanction is conditioned upon continued noncompliance, it is civil. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992) (citing, among others, *Hicks v. Feiock*, 485 U.S. 624, 632 (1988)). "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Thus, where the court imprisons or imposes fines on the contemnor in order to coerce him or her to comply with the court's order, and which the contemnor can avoid or terminate by complying with the order, the contempt sanction is civil. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005). "A civil contemnor 'carries the keys of his prison in his own pocket' because civil contempt is 'intended to be remedial by coercing [him] to do what he had refused to do.'" *Id*. (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911)). "[F]or the court to sanction an attorney, procedural due process requires notice and an opportunity to be heard." *Id*. (quoting *Cole v. United States Dist. Court*, 366 F.3d 813, 821 (9th Cir. 2004).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D.Cal. 2004) (quoting *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id*. Once the moving party has established a *prima facie* case of contempt, a contemnor may

avoid sanctions by demonstrating a present inability to comply with the enforcement order. *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996) (*per curiam*) "While inability to comply with an order is ordinarily a complete defense, "'[a]n exception exists when the person charged is responsible for the inability to comply.'" *Oliner*, 305 B.R. at 520 (quoting *United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980)).Where the contemnor is the only one who possesses the relevant financial information, and chooses not to disclose it, "[his] failure to present any evidence on the record may not be charged either against the [opposing] party or result in a holding that the district court abused its discretion in imposing sanctions.'" *Id*. at 520-521 (citing *Richmark Corp.*, 959 F.2d at 1481).

Although a district court generally must impose the minimum sanction necessary to secure compliance, *United States v. Bright*, 2010 WL 669260, * 8, ___ F.3d ___ (9th Cir. February 26, 2010) (citing *Whittaker Corp. v. Execuair Corp*., 953 F.2d 510, 517 (9th Cir. 1992), "the district court retains discretion to establish appropriate sanctions." *Id*. (citing *Richmark Corp*., 959 F.2d at 1473).

### D. Contempt Jurisdiction of Magistrate Judge in Non-Consent Cases

Absent full consent of all parties pursuant to 28 U.S.C § 636(c), "[m]agistrate judges must refer contempt proceedings stemming from out-of-court action/inaction to district court judges." *Wilhelm v. Yott*, 2009 WL 2244178, * 3 (E.D.Cal. 2009) (citing *Bingman v. Ward*, 100 F.3d 653, 656-57 (9th Cir. 1996). Despite the clarification of magistrate judges' contempt authority with the passage of the Federal Courts Improvement *Act of 2000, see 28 U.S.C. § 636(e)(2), a magistrate judge in a non-consent case must certify* the contempt issue to a district judge "where – the act constitutes a civil contempt[.]" 28 U.S.C. § 636(e)(6)(B)(iii); *Bingman v. Ward*, 100 F.3d at 658 n. 1 (9th Cir. 1996) ("We have throughout this opinion limited ourselves to criminal contempt orders. We have done so because that is what is before us. Nothing we have said should be taken to be an adumbration of our views regarding the jurisdiction of magistrate judges in civil contempt proceedings.").

## DISCUSSION

Defendants have been attempting to complete or conduct judgment-debtor examinations after review of specific identified documents to Lassen and his wife since August 31, 2009. (docket ## 116-117) The Lassens and their counsel have done everything lawyers can imagine to prevent or delay Defendants from obtaining the documents Defendants are entitled to review prior to completing or conducting the Lassens' judgment-debtor examinations, such as, Lassen appearing at his initial judgment-debtor examination without any documents, filing an unsuccessful Motion for Protective Order, failing to cooperate with defense counsel, and appealing Judge Wake's attorneys' fees ruling without posting a supersedeas bond. Mr. Lassen's apparent failure to **"**promptly produce the records" constitutes indirect civil contempt of Judge Wake's January 12, 2010 order. *Asay*, 614 F.2d 659 (9th Cir. 1980).

In light of the notice provided in Defendants' Motion to Compel Compliance with Court's January 11, 2010 Order, docket # 178, that attorney Gary L. Lassen has not complied with prior court discovery orders, and Defendants having established a *prima facie* case of contempt against him,

**IT IS ORDERED** that Defendants' Motion to Compel Compliance with Court's January 11, 2010 Order, docket # 178, is **GRANTED**.

**IT IS FURTHER ORDERED** setting a show cause hearing before the undersigned on **Monday, March 8, 2010 at 9:30 a.m.** for Gary L. Lassen to show cause why this Court should not recommend to Judge Wake that Gary L. Lassen should be found in indirect, civil contempt, arrested by the U.S. Marshal Service pursuant to a civil arrest warrant, and detained until he fully complies with prior court orders including finishing his judgement-debtor examination.

**IT IS FURTHER ORDERED** that Gary L. Lassen shall be physically present at the **March 8, 2010** show cause hearing and shall bring with him all documents and records required to be produced by him, i.e., "all items listed in Exhibit 1 attached to each

of Defendants' Motion for Order Requiring Judgment Debtors Gary L. Lassen, Esq. and the Law Office of Gary Lassen, P.L.C. to Appear (Doc. ## 116-118), which Lassen failed to produce at the October 16, 2009 judgment-debtors' examinations of Lassen and his Law Office." (docket # 172 at 3-4) Absent good cause shown, Gary L. Lassen's failure to physically appear at the **March 8, 2010** hearing in Courtroom 302 may result in the issuance of a civil warrant for Gary L. Lassen's arrest by the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that Defendant's shall file under seal before the **March 8, 2010** hearing all personal information they may have in their possession regarding Gary L. Lassen to assist the USMS in arresting him, e.g., his physical description, date of birth, social security number, residential address, business address, etc.

Chamber's staff shall promptly fax a copy of this signed order to counsel of record.

DATED this 1st day of March, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge