Gary L. Lassen (#5259)
LAW OFFICE OF GARY L. LASSEN, PLC
2020 North Central Avenue
Central Park Square, Suite 1100
Phoenix, AZ 85004
Telephone: (602) 252-1205
Facsimile: (602) 254-6982
glassen@gllplc.com

Attorney for Plaintiffs

William R. Hobson, SBN 006887
LAW OFFICES OF WILLIAM R. HOBSON, PC
7303 W. Boston Street
Chandler, Arizona 85226
Telephone: (480) 705-7550
Facsimile: (480) 705-7503
bill@billhobsonlaw.com

Attorney for Plaintiffs' Counsel Gary L. Lassen

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| RAYMOND PARENTEAU and JOLENE PARENTEAU, husband and wife; and RAYMOND and JOLENE PARENTEAU on behalf of their minor son, CP,<br><br>Plaintiffs,<br><br>vs.<br><br>PRESCOTT UNIFIED SCHOOL DISTRICT, an Arizona School District; and KEVIN J. KAPP, Superintendent of Prescott Unified School District; et al.,<br><br>Defendants. | Case No.: CV07-08072-PCT-LOA<br><br>**LASSEN'S RESPONSE NOTICE OF NON-COMPLIANCE AND TO ORDER TO SHOW CAUSE OF THE HONORABLE LAWRENCE ANDERSON** |

Counsel for Plaintiff Gary Lassen, responds to the Notice of Non-Compliance dated March 22, 2010 (which this Court denominates "another notice or motion") and

- 1 -

this Court's Order to Show Cause issued on March 23, 2010.[1]  Defendants have previously obtained two execution orders garnishing accounts of Mr. Lassen from information provided by Mr. Lassen in his judgment debtor's examination.

In response to this Court's Order to Show Cause, Mr. Lassen supplied 770 pages of documents he believed to be responsive to the information sought by Defendants. He has supplemented with an additional approximately 150 pages of documents with a response letter to Ms. Staton's March 17, 2010 letter. The response letter attached hereto also includes a point by point response to her attached list. *See* Exhibit 1 attached (omitting the attached documents provided to Ms. Staton and Ms. Love).

Ms. Staton's March 22, 2010 notice of non-compliance attached and incorporated her March 17, 2010 letter in which she indicated repeatedly that she thought there should be more information with respect to a number of the categories sought. The simple fact is that there are not. *See* the March 25, 2010 point by point response by counsel undersigned to Ms. Staton's list attached to her March 17, 2010 letter. In fact, much of the information requested, although it does not exist in the form sought by Defendants, is reflected or contained on the tax returns, all of which have been produced. Mr. Lassen produced, with his most recent disclosure, his most recent tax return.

---

[1] Once before, this Court denied to Lassen the opportunity to be heard on the issues brought before this Court in the time contemplated by the Rules. *See* Footnote 1 to Lassen's March 5, 2010 Response to Defendants' Motion to Compel. In the current posture, this Court set a scheduling order at the Order to Show Cause on March 11, 2010 in which, among which other matters this Court included the following language in its order: "Mr. Lassen and his counsel may file a response to Defendants' notice on or before **Monday, March 29, 2010**." (Emphasis in original of March 11, 2010 Order.) It was the expectation of the undersigned attorney that no order to show cause would issue, until the Court had an opportunity to review this response of counsel. When the Court issued its order to show cause on March 23, 2010, counsel undersigned continued to obtain documents and respond to the information sought by Defendants in order to address the claimed deficiencies. This response is intended to timely apprise the Court of the current status.

In a phone conversation on Saturday, March 27, 2010 between Ms. Staton and counsel undersigned, Ms. Staton indicated that she believed Mr. Lassen was still not in compliance regarding one issue. To that issue, there may have been a good faith difference of opinion. She indicated that the remaining issue was that Mr. Lassen had not produced cancelled checks. *See* Exhibit 2. Mr. Lassen had informed Defendants that he had no copies of cancelled checks. He stated through counsel's letter of March 25, 2010 that he was not obligated to obtain documents not in his possession.[2] He did offer, however, as he had previously offered, to sign releases to permit the Defendants to obtain the checks that he does not have from the identified banks by subpoena. Defendants apparently believe that it is Mr. Lassen's obligation to go out and order checks he does not have.

In the interest of resolving this impasse, Mr. Lassen will request copies of checks and transmit them to Defendants if that is the wish of Defendants. *See* Exhibit 2.

Lassen is not contumacious of this Court's order. He has produced documents in his possession and control.

RESPECTFULLY SUBMITTED this 28th day of March, 2010.

                                              LAW OFFICES OF WILLIAM R. HOBSON, PC

                                              By: /s/ William R. Hobson

---

[2] Lassen is not obligated to obtain records not in his possession nor to create documents that do not exist. *Schwartz v. Superior Court In and For County of Maricopa,* 186 Ariz. 617, 620, 925 P.2d 1068, 1071 (App. 1996)("[T]he subpoena cannot require more than 'production' of documents for inspection by the requesting party; *Miller v. Sun Chemical Corp.*, 12 F.R.D. 181. (D.C.N.J.1952)("[D]efendant will be cautioned to note that he cannot expect the plaintiff at his own expense to compile the information desired from his records. . ."); s*ee Application of Slipyan,* 208 Misc. 515, 145 N.Y.S.2d 630, 632, *appeal dismissed,* 286 A.D. 1091, 148 N.Y.S.2d 914 (1955) (agency investigator could not be compelled to complete financial questionnaire attached to a subpoena duces tecum; subpoena carries no authority to compel an affirmative act beyond production of investigator's records as they exist).

William R. Hobson, SBN 006887
7303 West Boston Street
Chandler, AZ  85226
Telephone: (480) 705-7550
Facsimile: (480) 605-7503
Attorney for Plaintiffs' Counsel Gary L. Lassen

I hereby certify that on March 28th, 2010 I electronically transmitted the attached ORIGINAL document to the United States District Court Clerk's Office using the CM/ECF System for filing:


By:  /s/William R. Hobson