EXHIBIT 1

EXHIBIT 1

# LAW OFFICES OF WILLIAM R. HOBSON, P.C.

March 25, 2010

**Delivered by Courier.**

Georgia A. Staton, Esq.
Rachel Love, Esq.
Jones Skelton & Hochuli PLC
2901 North Central Avenue
Suite 800
Phoenix AZ 85012

> Re:  **Parenteau v. Prescott Unified School District**
>      **Further Response to Your Letter of March 17, 2010.**

Dear Georgia and Rachel:

    Concurrently with this letter, I am forwarding other documents responsive to your request. For your convenience I am including paper copies with this letter. I am also attaching below, a point by point response and referenced disclosure to the list attached to your March 17, 2010 letter. The response was from my interview with Gary.

    I note that on March 11, 2010, in compliance with the Court's articulated order, we turned over to a CD containing more than 770 pages of documents. The Judgment Debtor's Examination Exhibits 1 attached to each judgment debtor's examination order (from which you took your point by point inquiry and to which I have responded in the same manner) is expansive and covers documents that, in many cases, simply do not exist. To the extent that they do exist but are not in Mr. Lassen's control and custody, he will cooperate, as he previously stated, in signing releases for you to subpoena any such documents.[1] Additionally, I understand your point about documents not being in as

---

[1] Lassen is not obligated to obtain records not in his possession nor to create documents that do not exist. *Schwartz v. Superior Court In and For County of Maricopa*, 186 Ariz. 617, 620, 925 P.2d 1068, 1071 (App. 1996)("[T]he subpoena cannot require more than 'production' of documents for inspection by the requesting party; *Miller v. Sun Chemical Corp.*, 12 F.R.D. 181. (D.C.N.J.1952)("[D]efendant will be cautioned to note that he cannot expect the plaintiff at his own expense to compile the information desired from his records. . ."); see *Application of Slipyan*, 208 Misc. 515, 145 N.Y.S.2d 630, 632, *appeal dismissed*, 286 A.D. 1091, 148 N.Y.S.2d 914 (1955) (agency investigator could not be compelled to complete financial questionnaire attached to a subpoena duces tecum;

organized a fashion as you might have preferred. The documents were, however, produced to you and you had a full opportunity to review before any continued examination. Please note that the additional documents I am including with this letter are roughly in the order identified in the point by point response.

I am informed that Mrs. Lassen's surgery has been rescheduled to April 1, 2010. Mr. Lassen would request the opportunity to be present with her both going in and coming out. I would hope that you would agree to a different time for finishing his examination, although he is aware of Judge Anderson's order.
Please call with any questions.
I will call and discuss this with you this afternoon. I will be out of the office tomorrow for a surgical procedure.

Sincerely yours,

William R. Hobson

Enclosures
WRH/wc

### Gary L. Lassen, Judgment Debtor

As it relates to the documents sought generally, in 2007/2008 when Gary moved to his present office, he made a decision to "go paperless." He hired teenagers who shredded approximately 50 bankers boxes of records going back as many as 20 years.

1(c).   Gary has no such documents.
1(e).   Gary has not paid quarterly tax estimates for several years. *See* tax returns disclosed previously.
3.      Accounts were previously disclosed and, in fact, those accounts have been garnished. Current balance information for Bank of Arizona and Arizona Central Credit Union information was previously disclosed. Additional documents and statements of account for 2008 and 2009 are have been obtained in the review of materials and are being disclosed with this letter. Also disclosed are monthly statements of the Wells Fargo Checking Account. The Wells Fargo Line of Credit you inquire about was included in the documents previously disclosed to you. You are certainly free to inquire

---

subpoena carries no authority to compel an affirmative act beyond production of investigator's records as they exist).

about that at his continued examination. Some additional information regarding National Bank is also enclosed.

4. Gary has not cancelled checks for any of the identified accounts.

5. Gary has no savings accounts.

6. Gary is aware that he has an interest in a debt for about $40,000 from a person named Emil Sheringer. Mr. Sheringer solicited that money from Arizona investors, including Gary. Mr. Sheringer is now serving time in federal prison for federal crimes. The debt is uncollectable.

No other records exist for moneys owed to Gary.

7. Gary is producing the insurance card and registration for the Ford Explorer which is the only vehicle he owns.

9. Gary has an interest two parcels, one in Coconino County and one in Pinal County. He testified about that to you at his judgment debtor's exam. He cannot find any of the deeds or other title documents or the financial records. He is, however, providing to you, the two most recent county assessor's statements. He does not have an interest in any California property. The condominium was sold in 2006-07 and was basically a wash. He does not have an interest in Mund's Park property. That was sold, he believes, in 2001. I believe he testified to these matters in his judgment debtor's examination.

14. The response to ¶ 7 is the response to this paragraph. He has made no transfers of vehicles within the past twelve months.

18. Gary has an undivided interest in household furnishings going back more than 20 years. No new furnishings have been purchased within the last 5 to 7 years. These include beds, chairs, dinnerware, lamps, and other furnishings. There are no antiques. The property is used and of negligible value. He has no information about the precise date of acquisition of any of those items or information about their cost.

19. There are no documents responsive to this inquiry.

26. Gary has testified to some of this in his judgment debtor's examination. He has three watches, used clothing, used shoes, an undivided interest in furnishings all of which are used and most going back almost 20 years. Among those possessions is furniture, (beds, sofas, chairs, lamps, televisions, etc.) all of which is used and of little retail value.

## THE LAW OFFICE OF GARY L. LASSEN, P.L.C.

¶¶ 1 through 6. Gary did provide the articles. He also provided his firm's operating agreement and partnership tax returns.

¶7(a) through (f). The Law Office of Gary L. Lassen, P.L.C. has no employees. The account information was previously disclosed and, in fact, those accounts have been garnished. Current balance information for Bank of Arizona and Arizona Central Credit Union information was previously disclosed. The accounts are not closed.

The First Credit Union is a personal account of Gary's but quiescent. You have a statement indicating it has a small amount of money in it. Gary has maintained it over

the years for use in auto financing but he does not believe it has been used for that purpose in more than fifteen years.

¶ 8. Other than what has been provided, nothing re: P and L's exist.

¶ 9. Depreciation schedules included in tax returns previously provided and supplemented with this letter and disclosure.

¶ 10. There are no employees receiving salary from Gary Lassen, P.LC. Included in the monthly payment to the landlord is payment for an employee of the landlord.

¶¶ 11. through 15. There are no "expense schedules."

¶ 16. All such information for this "catch-all" provision has been provided in the tax returns previously most of which were provided in the 770 pages of prior disclosure and then with the current disclosure. Included with this disclosure are more than 200 pages of statements of account for Arizona Central Credit Union and Bank of Arizona.

¶ 17. There are no employees of the corporation. There are no "expense accounts." The statements of account for Arizona Central Credit Union and Bank of Arizona include all information about expenses and deposits for the partnership.

¶¶ 18. through 19. The balance sheet provided is the only one.

¶¶ 20. through 21. Gary testified at his judgment debtor's exam. There are no mortgages receivable and no notes receivable. Information about the identity of clients is privileged from disclosure. As you remember, at his prior examination, we provided the schedule and tore off the portion having client identifiers.

¶¶ 23. through 24. There are no documents responsive to this request.

¶¶ 25. through 26. The balance sheet you have is the only one. Other information supplies that might be gleaned from tax returns, no inventories of supplies exist.

¶¶ 29. through 31. As I recollect, Gary testified about this at his judgment debtor's exam. There are no schedules of accounts payable, notes payable or mortgages payable.

EXHIBIT 2

EXHIBIT 2

**Bill Hobson**

| | |
|---|---|
| To: | GEORGIA STATON; RACHEL LOVE |
| Cc: | Gary Lassen; gllassen@cox.net |
| Subject: | Lassen jde compliance |

Dear Georgia and Rachel:

    I realize you were too busy on Thursday and Friday to review the March 25, 2010 disclosure by Mr. Lassen and my letter of that date. I very much appreciate Georgia's courtesy in recognizing that my surgical procedure on Friday was not the best time to discuss this further.

    I understand from Georgia's call to my cell phone and our discussion on Saturday that the only disclosure issue that remained was the issue of production of copies of the checks. As I set forth in the footnote to my letter of March 25, 2010, I think the law is that Mr. Lassen is only required to produce what he has. He is not obligated to go and get what he does not have. He has no checks. You apparently believe he has to go out and order copies of checks. He has repeatedly stated and I restated in my March 25, 1010 letter that he would sign releases for you for you to subpoena checks.

    There is, of course, an expense involved in obtaining copies of checks which, we believe are of minimal value. The checks reflect money already spent, not resources subject to execution or garnishment. If it is, however, your insistence that he do so rather than you obtaining them independently with a release from him and a subpoena, Mr. Lassen will order them.

    Please advise me at you earliest convenience.


William R. Hobson
Law Offices of William R. Hobson, P.C.
7303 W. Boston Street
Chandler, AZ 85226
480-705-7550 (Voice)
480-705-7503 (Fax)
bill@billhobsonlaw.com